(Superior Court of Cincinnati.)
Special Term.

## WOOD FOSDICK v. W. G. KING-DOODS.

Demurrer to answer and cross-petition, where the demurrer should have been to the cross-petition, with motion to strike answer from the files.

Heard on demurrer to answer and cross-petition.

DEMPSEY, J.:

Defendant, "for answer to the petition, denies the allegations therein contained."

Under the ruling in Werk v. Christie, 9 C. C., at page 443, this answer is frivolous, equivocal and evasive; but the remedy is, by motion to strike it out of the answer or from the files, and not by demurrer.

As to the cross-petition I confess that I am unable, after careful study of it, to make out what the pleader is relying on for relief. As near as I can get at it, he seeks to set up an oral agreement to add to and supplement the written agreement set up in the petition. Both agreements concern an interest in lands. Hence, that portion of the cross-petition is objectionable because it infringes both the statute of frauds and the rule forbidding oral evidence to vary the terms of a written instrument. In addition, he seeks to recover the sum of $2,556.25 damages, which he claims to have sustained because an assignment and extension of a lease, which he does not deny accepting and signing, and under which he occupied lands for more than four years, did not contain certain terms and provisions that he thought it did, or ought to contain. There is no averment of fraud, or of misrepresentation, or of concealment and as the cross-petition stands now, I can see no good cause of action stated. Giving the cross-petition the most liberal construction, and conceding that there was fraud, misrepresentation or concealment on the part of plaintiff, yet it is my opinion that under Cassilly v. Cassilly, 30 W. L. B., 179, until the written assignment and extension of lease above spoken of, signed by said defendant, is properly set aside in a proceeding brought for that purpose, it is absolutely binding and conclusive on defendant in this case. If the demurrer had been to the cross-petition separately, it would have to be sustained.

Plaintiff, however, may take leave to withdraw his general demurrer, and to file a demurrer to the cross-petition and a motion to strike out, or from the files, so much of the answer and cross-petition as purports to be an answer, and both motion and demurrer will be granted.

B. B. Dale, for Plaintiff.
W. F. Chambers, for Defendant.